JOHN J. CLARKE *vs.* NATHANIEL G. CHAPIN.

Under Rev. Sts. c. 70, § 2, an executor's bond, which is signed by two sureties who are inhabitants of this commonwealth, and by a third person who is described as an inhabitant of another state, if approved and accepted by the probate court, is sufficient to qualify him to act.

BILL IN EQUITY by the surviving executor of the will of Thomas Cordis, to enforce specific performance of an agreement by the defendant to purchase certain land. The defendant refused to fulfil his agreement on the ground that the bond of the plaintiff was insufficient to qualify him to act as executor, being executed with three sureties, two of whom were described as inhabitants of Massachusetts, and the other as an inhabitant of Connecticut. This bond was duly approved and accepted by the probate court.

The case was reserved by *Merrick,* J. for the determination of the whole court.

*S. Bartlett,* for the plaintiff, cited Rev. Sts. c. 83, § 32; *Baldwin* v. *Standish,* 7 Cush. 207; *Emery* v. *Hildreth,* 2 Gray, 228; *Worcester Medical Institution* v. *Harding,* 11 Cush. 285; *McFarland* v. *Stone,* 17 Verm. 165; *Jackson* v. *Crawfords,* 12 Wend. 533; *Jackson* v. *Irwin,* 10 Wend. 441; *Woodruff* v. *Cook,* 2 Edw. Ch. 259; *Bloom* v. *Burdick,* 1 Hill, (N. Y.) 130; *Burroughs* v. *Lowder,* 8 Mass. 373; *Simonds* v. *Parker,* 1 Met. 508, and cases cited.

*C. A. Welch,* for the defendant, cited Rev. Sts. c. 63, § 2; c. 83, § 32; *Jenks* v. *Howland,* 3 Gray, 536; *Peters* v. *Peters,* 8 Cush. 529, 543, and cases cited; *Holyoke* v. *Haskins,* 5 Pick. 20, and cases cited; *Hathaway* v. *Clark,* Ib. 490; *Picquet* v. *Swan,* Ib. 64, 76; *Sigourney* v. *Sibley,* 21 Pick. 101.

HOAR, J. The only question which this case presents is, whether the plaintiff has given a sufficient bond to qualify him to act as executor. He gave a bond with two sureties, who were inhabitants of this state; and a third person executed the bond as a surety who was declared, on the face of the bond, to

Clarke *v.* Chapin.

be an inhabitant of Connecticut. It was provided by Rev. Sts. *c.* 70, § 2, under which the bond was given, that "in all bonds with sureties, given to any judge of probate, all the sureties shall be inhabitants of this state, and such as the judge shall approve." The effect of this provision is, that no person is to be regarded as legally a surety on such a bond who is not an inhabitant of the state. The judge of probate is not to approve the bond by reason of the sufficiency of any such person. He is not to accept or regard him as a surety. But if a bond, with sufficient sureties who are inhabitants, is offered to the judge of probate, and examined and found satisfactory by him, we can see nothing which will make the bond less effectual or valid in the fact that another person has joined in it, assuming also the obligations of a surety, who is not an inhabitant. The object of the statute provision was to give the parties whom the bond is designed to protect a sufficient security, and one of which they could readily avail themselves. This it was the duty of the judge of probate to see that they had. He was to determine the sufficiency of those who were legally qualified to be sureties, and to regard no others; and this we think it must be presumed that he did. A bond with sureties such as the law requires having been examined and approved by him, the additional surety, not possessing the requisite qualification, may add to but cannot impair the value of the contract. If a will is executed in the presence of three competent witnesses, the attestation by others who were incompetent does not hurt it.

*Decree for the complainant.*